IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    21-cr-00115-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. **ERIC MORTENSEN,**
2. **MELISSA CHARRAN,**

       Defendants.

_____

### DEFENDANTS' JOINT UNOPPOSED MOTION
### TO EXCLUDE 90 DAYS
### FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT
_____

       Defendants Eric Mortensen and Melissa Charran (hereafter "Mr. Mortensen" and "Ms. Charran"), by and through their respective counsel, hereby move this Court for an Order to exclude 90 days from the Speedy Trial Act computations and reset the currently-set deadlines and trial dates. In support thereof, they state as follows:

## PROCEDURAL HISTORY

       1.      On March 26, 2021, the defendants were arrested pursuant to a complaint alleging violations of federal controlled substance and firearms charges. Docs. 1, 6. Ms. Charran was released that same day on an unsecured bond; Mr. Mortensen was ordered detained pending these proceedings on March 31, 2021. Docs. 13, 20.

       2.      On April 8, 2021, the defendants were indicted on charges of Conspiracy to Distribute a Controlled Substance (in violation of 21 U.S.C. §§ 841(a)(1), 846), Distribution of a Controlled Substance (in violation of 21 U.S.C. §§ 841(a)(1)), and Conspiracy to Launder Money

(in violation of 18 U.S.C. § 1956(h). Doc 23. Mr. Mortensen was also indicted on charges of Carrying a Firearm during and in relation to a Drug Trafficking Crime (a violation of 18 U.S.C. § 924(c)(1)(A)) and Prohibited Person in Possession of a Firearm (a violation of 18 U.S.C. §922(g)(1)). *Id.*

3. On April 16, 2021 this Court set a motions deadline of May 14, 2021 and a jury trial to begin on June 14, 2021. Doc. 32.

4. On April 26, 2021 counsel received an initial discovery disclosure from the government. It is voluminous, including approximately 6000 pages of documents and over 600 electronic video and audio files. Counsel has begun review of this discovery, and anticipates additional discovery forthcoming.

5. Additionally, counsel for Mr. Mortensen is awaiting records pertaining to his criminal history that are required to fully advise him as to his potential sentencing guideline and statutory exposure. Those records are anticipated to arrive in the coming weeks.

## LAW REGARDING REQUESTS FOR CONTINUANCES

6. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record

must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

7. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

8. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

9. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. First, proceeding within the current time requirements would deny counsel for the defendants the reasonable time necessary for effective preparation. The current motions deadline, a little over a week from this filing, will not allow counsel enough time to review the discovery so far received nor review the as-yet-received discovery.

3

10. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

11. First, both counsel have been diligent in both their review of the discovery and in the timeliness of this request. Defense counsel has begun review of the discovery received. Further, defense counsel has shown diligence in this request by making it well before the scheduled jury trial.

12. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, including discovery not yet received, and also evaluate that discovery for potential pre-trial motion issues and the need for further investigation. This type of thorough evaluation is necessary to advise both defendants as to their options and potential strategies for defense. This 90-day continuance would allow each defense counsel time to prepare for trial, investigate, and consult with their clients, all of which are necessary to providing the defendants with full and effective assistance of counsel.

13. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Andrea Surrat has indicated that she does not oppose this motion, and has no known issues with witness availability or scheduling.

14. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations,

4

defense counsel will be unable to provide effective assistance of counsel and the defendants' right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Mortensen and Ms. Charran respectfully request this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary.Butterton@fd.org
Attorney for Mr. Mortensen


s/ Andres R. Guevara
ANDRES R. GUEVARA
Law Office of Andres R. Guevara
2806 N. Speer Blvd
Denver, CO 80211
Telephone: (720) 379-8262
FAX: (720) 699-6808
E-mail:andres@guevaracoloradolaw.com
Attorney for Ms. Charran

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2021, I electronically filed the foregoing

**DEFENDANTS' JOINT UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Andrea Surrat, Assistant United States Attorney
    Email: andrea.surrat@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Eric Mortensen (Via U.S. Mail)

    s/ Mary V. Butterton
    Mary V. Butterton
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Mary_Butterton@fd.org
    Attorney for Defendant