IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00115-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. ERIC MORTENSEN, a/k/a "Jacob Bradford," and
2. MELISSA CHARRAN,

        Defendants.

_____

### UNITED STATES' MOTION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY
_____

COMES NOW the United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Tonya S. Andrews, and hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of this criminal matter. In support of its motion, the Government states as follows:

### Procedural Background

1.    On March 25, 2021, agents of the United States Postal Inspection Service seized a 2017 Black BMW 540 Sedan, VIN WBAJE7C30HG888835 ("the 2017 Black BMW"), pursuant to a seizure warrant, and initiated administrative forfeiture proceedings.

2.    On June 7, 2021, Melissa Charran filed a claim, contesting the administrative forfeiture of the 2017 Black BMW.

1

3. The Government included a criminal forfeiture allegation in the Indictment, and specified the 2017 Black BMW in the United States' First Bill of Particulars. (Docs. 23 & 43).

## Legal Argument

If a property owner files a claim after receiving notice, the Government has ninety days under 18 U.S.C. § 983(a)(3) to: (1) return the asset; (2) commence a civil judicial forfeiture proceeding against the asset; or (3) or include a forfeiture allegation in a related criminal indictment. If the Government elects to proceed with criminal forfeiture, the Government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II). In such cases, "the Government's rights to continued possession of the property shall be governed by the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(C). In this case, the applicable criminal forfeiture statute is 21 U.S.C. § 853, which provides for the forfeiture of assets related to violations of 21 U.S.C. §§ 841(a)(1) and 846 as alleged in Counts One and Two. This section also applies to the forfeiture of assets pursuant to 18 U.S.C. § 982(a)(1) for violations of 18 U.S.C. § 1956(h) as alleged in Count Three, as 18 U.S.C. § 982(b)(1) incorporates the provisions of 21 U.S.C. § 853.

Section 853 prescribes several methods for preserving property for the purpose of criminal forfeiture. First, section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing

the Government to seize the property from itself.  Second, section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. Again, it is unnecessary to issue an order enjoining the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government has represented it will preserve for that purpose through the conclusion of the pending criminal case.  Lastly, section 853(e)(1) authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.

In this case, the seized asset is already in Government custody and the Government represents to the court that it intends to preserve the asset for the purpose of forfeiture through the conclusion of the pending criminal case.  All that is required to comply with section 983(a)(3)(B)(ii)(II) is an Order from this Court stating that the United States and its agencies, including the United States Postal Service, and/or the United States Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.  *See United States v. Abrahams*, No. 12–cr–0639–JFM, 2013 WL 285719 (D. Md. Jan. 24, 2013) (if someone contests the administrative forfeiture of property and government elects to pursue only criminal forfeiture, it may comply with § 983(a)(3) by including the property in an indictment or bill of particulars within 90 days and obtaining a "housekeeping" order allowing it to maintain custody pending the conclusion of the criminal case); *United States v. Scarmazzo,* No. 1:06-CR-00342-AWI, 2007 WL 587183, at *3 (E.D. Cal. Feb. 22, 2007) (neither a seizure warrant nor a restraining order is appropriate when the property is already in the government's possession based on a civil seizure warrant; rather, all that is required is an order

3

issued pursuant to section 853(e) directing the government to maintain its custody of the property).

WHEREFORE, pursuant to section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the subject property described above through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED this 10th day of June 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: *Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone (303) 454-0100
E-mail: tonya.andrews@usdoj.gov
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on this June 10, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

s/*Jasmine Zachariah*
FSA Federal Data Analyst
Office of the U.S. Attorney