IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-115-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. ERIC MORTENSEN
2. MELISSA CHARRAN,

Defendants.

___

**UNOPPOSED MOTION TO EXCLUDE AN ADDITITONAL ONE HUNDRED DAYS FROM THE CALCULATION OF SPEEDY TRIAL**
___

Comes now Eric Mortensen, through CJA counsel, Richard J. Banta, pursuant to Rule 47, Fed. R. Cr. P and 18 U.S.C. § 3161(h)(7)(A) and respectfully moves the Court for an order granting this motion. In support of such motion, Eric Mortensen states the following:

1. Counsel was appointed to represent Mr. Mortensen following the withdrawal of Assistant Federal Public Defender Mary Butterton.

2. Motions are currently due on November 15, 2021.

3. This matter is set for trial on December 13, 2021.

4. The discovery in this multi-defendant drug case is substantial.

5. The government provided defense counsel additional electronic discovery on October 18, 2021 consisting of recorded jail call conversations between Mr. Mortensen and Ms. Charran.

1

6. Counsel is also continuing to review the previously provided voluminous electronic data recovered from mobile phones used by both defendants.

7. Such review includes an analysis of the evidence purportedly supporting the government's view of the quantity of drugs allegedly involved in the drug distribution conspiracy.

8. Counsel continues to have technical difficulties in reviewing this information and is diligently working with the US Attorney's office to overcome these technical issues.

9. It will be necessary to review and evaluate the aforementioned evidence to determine if it supports any pretrial motions or a decision to take this matter to trial.

10. The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70–day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d at 440-41 (quoting 18 U.S.C. § 3161(h)(7)(A)).

11. An exclusion of time under the Speedy Trial Act is appropriate where a case is complex due to the nature of the prosecution or novel factual and legal

questions that it would be unreasonable to proceed to trial within the 70-day period, or where failure to grant a continuance would deny the defendant the ability to fully prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv). *See United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

12. It will be difficult at best to meet the current deadline for filing motions given the volume of discovery yet to be reviewed and the attendant technical issues.

13. In addition, Mr. Mortensen is currently being held in the Washington County Colorado Detention Center making it difficult to communicate with him in the normal course of business, not to mention the added layer of difficulty created by the pandemic.

14. Counsel needs an adequate amount of time to complete a review discovery, conduct investigation[1], interview witnesses, file appropriate (if any) pretrial motions, engage in Rule 11 discussions, confer with Mr. Mortensen and to otherwise provide the effective assistance of counsel required by the Sixth Amendment.

15. In addition to this matter, counsel is also counsel of record in the following federal cases pending in this District and the Eastern District of Oklahoma: United States v. Vallejo-Gallo, 20-cr-00028 (Colorado); United States v. Edwin Hernandez-Gomez, 19-cr-00356 (Colorado); United States v. Keven Perez, 20-cr-00292 (Colorado); United States v. Javier Rivera, 21-cr-00060 (Colorado); and United States v. Edward Polina, 21-cr-00128 (a cja

---

[1] The Court has approved CJA funds to retain an investigator. Counsel has retained Mr. Kurt Thoene to assist in the representation of Mr. Mortensen.

appointment to assist the Eastern District of Oklahoma with the case load created by the Supreme Court's decision in *McGirt v. Oklahoma*).

16. Counsel is also counsel of record in several pending state cases.

17. Counsel is authorized to state he has discussed this motion with Mr. Mortensen and he concurs in the relief requested herein.

18. Counsel is authorized to state he has discussed this motion with Assistant U.S. Attorney Andrea Surrart and she does not oppose the relief requested herein.

19. Counsel is authorized to state he has discussed this motion with Andres Guevara, CJA counsel for Ms. Melissa Charran, and he joins in the relief requested herein.

Wherefore, Eric Mortensen respectfully prays that the Court enter an Order granting this Motion, vacating the current motions and trial dates and granting such further relief as the court deems just and proper.

Respectfully submitted,

*s/Richard J. Banta*
Richard J. Banta, P.C.
501 S. Cherry Street
 Suite 1100-MB11
Denver, CO 80246
303-860-8048
Fax:  303-333-119
E-mail: rjbanta@comcast.net
Attorney for Defendant
Eric Mortensen

4

5

## CERTIFICATE OF SERVICE

       I hereby certify that on November 3, 2021 I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                                          *s/Richard J. Banta*
                                                          Richard J. Banta