IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-115-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    ERIC MORTENSEN,

     Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, ERIC MORTENSEN, personally and by counsel, Richard Banta, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.    AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)    plead guilty to Counts One, Four, and Five of the Indictment, charging violations of, in Count One, 21 U.S.C. § 846 (conspiracy to distribute a controlled substance), in Count Four, 18 U.S.C. § 924(c)(1)(A)(i) (used or carried a firearm in furtherance of a drug trafficking crime or possessed a

Court Exhibit

1

firearm during and in relation to that crime),[1] and in Count Five, 18 U.S.C. § 922(g)(1) (felon in possession of firearms).

(2)    waive certain appellate and collateral attack rights, as explained in detail below; and

(3)    agree not to contest forfeiture as more fully described below.

## B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The Government agrees to move to dismiss Counts Two and Three of the Indictment with prejudice, against this defendant only.  Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

## C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement,

---

[1] In the Indictment, the defendant is charged, in Count Four, with a violation 18 U.S.C. § 924(c)(1)(A)(i) & (ii) (using or carrying a firearm in furtherance of a drug trafficking crime or possessing a firearm during and in relation to that crime, and brandishing that firearm).  In this plea agreement, he is agreeing to plead guilty to the lesser-included offense of 18 U.S.C. § 924(c)(1)(A)(i) (using or carrying a firearm in furtherance of a drug trafficking crime or possessing a firearm during and in relation to that crime).

the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

    (1)    the sentence exceeds the maximum sentence provided in the statutes of conviction;

    (2)    the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 32; or

    (3)    the Government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

      The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

    (1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

    (2)    the defendant was deprived of the effective assistance of counsel; or

    (3)    the defendant was prejudiced by prosecutorial misconduct.

      The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does

not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of Assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to the assets listed in Attachment A.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.  Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time

frames.  The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

As part of a negotiated disposition of assets, the Government has agreed to return to Mr. Mortensen and his co-defendant a 2017 Black BMW 540 Sedan, VIN WBAJE7C30HG888835.

## II.   ELEMENTS OF THE OFFENSES

The parties agree that the elements of Counts One, Four, and Five are as follows:

### Count One:  21 U.S.C. § 846

1. Two or more people agreed to violate federal drug laws;

2. The defendant knew the essential objective of the conspiracy, here, to distribute and possess with intent to distribute less than 50 kilograms of marijuana and mixtures and substances containing THC, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D);

3. The defendant knowingly and voluntarily involved himself in the conspiracy; and

4. There was interdependence between the members of the conspiracy.

### Count Four:  18 U.S.C. § 924(c)(1)(A)(i)

1. The defendant committed the crime of conspiracy to distribute a controlled substance (Count 1), which is a drug trafficking crime; and

2. The defendant used or carried a firearm in furtherance of this drug trafficking crime or possessed it during and in relation to that crime.

### Count Five:  18 U.S.C. § 922(g)(1)

1. The defendant possessed firearms;

2. The firearms were in or affecting interstate or foreign commerce;

3. The defendant's possession was after having been convicted of a crime punishable by a term of imprisonment exceeding one year; and

4. The defendant was aware of his felony status.

### III.   STATUTORY MAXIMUM SENTENCE

The maximum sentences for the counts of conviction are:

Count One: not more than 20 years' imprisonment; not more than a $1,000,000 fine, or both; not less than 3 years of supervised release and not more than life supervised release; and a $100 special assessment.

Count Four: not less than 5 years' imprisonment, consecutive to the sentence given on Count One; not more than life imprisonment; not more than 5 years of supervised release; and a $100 special assessment.

Count Five: not more than 10 years' imprisonment; not more than a $250,000 fine, or both; not more than 3 years of supervised release; and a $100 special assessment.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

### V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

From approximately August 2020 through March 2021, the defendant and his co-conspirator, Melissa Charran, worked out of their shared apartment in Denver, Colorado, to distribute marijuana and THC. The defendant and Charran purchased the marijuana and THC from Colorado dispensaries, advertised the products on a particular social media account (the "Social Media Account"), and then sold the marijuana and THC to customers around the United States using the U.S. mail. Charran was largely responsible for obtaining the controlled substances from dispensaries (including by using her medical marijuana license to purchase the drugs) and the defendant was responsible for advertising, packaging, and shipping the controlled substances, though sometimes the defendant also obtained the marijuana from dispensaries himself. Together, the defendant and Charran worked to earn a profit from the drug sales. They received payment for the controlled substances in a variety of ways, including via

electronic payment application and cash received in the mail.  From August 2020

through March 2021, and during the course of the conspiracy, the defendant admits that

he and Charran distributed or possessed with the intent to distribute approximately 7.38

kilograms of THC and approximately 18.73 kilograms of marijuana, for a total of

approximately 1,250 kilograms of converted drug weight.

On or about January 8, 2021, the defendant used or carried a firearm in

furtherance of the drug trafficking crime charged in Count One and possessed it during

and in relation to the drug trafficking crime charged in Count One.  Specifically, the

defendant had firearms in his apartment ~~because he was afraid of being robbed~~ *in order to discourage other individuals from robbing him* of

drugs or drug proceeds. *The defendant asserts, however, that he never would have actually used the firearms to harm anyone.*

On or about March 25, 2021, a search warrant was executed at the defendant     *QJS*

and Charran's shared apartment in Denver, Colorado.  During execution of the search     *RJB*

warrant, officers located, among other things, marijuana and THC in dispensary     *LM*

packaging, organized and ready for sale; approximately $12,000 cash; packaging

materials such as envelopes and tape; and four firearms that the defendant had

previously displayed in videos he posted on the Social Media Account.  The defendant

admits that he possessed these four firearms.  Each of the four firearms moved in

interstate commerce prior to the defendant's possession.  The defendant further admits

that, because, prior to the possession of these firearms, he had been convicted of

felony offenses punishable by more than one year in prison, he was not permitted to

possess the firearms, and he was aware of his felony status.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is

governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed,

the Court is required to consider seven factors. One of those factors is the sentencing

range computed by the Court under advisory Guidelines issued by the United States

Sentencing Commission. In order to aid the Court in this regard, the parties set forth

below their estimate of the advisory guideline range called for by the United States

Sentencing Guidelines. To the extent that the parties disagree about the Guideline

computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is

only an estimate.  The parties understand that the government has an independent

obligation to assist the Court in making an accurate determination of the correct

guideline range.  To that end, the government may argue that facts identified in the

presentence report, or otherwise identified during the sentencing process, affect the

estimate below.

<u>Count One</u>

a)   Because the defendant is responsible for 1,250 kg of converted
drug weight, pursuant to U.S.S.G. § 2D1.1(c)(5), the base offense
level is 30. ∧ The defendant reserves the right to argue for a
different drug weight.

b)   Because the defendant distributed a controlled substance through
mass-marketing by means of an interactive computer service, two
levels are added pursuant to U.S.S.G. § 2D1.1(b)(7).

c)   It is the Government's position that, because the defendant
maintained a premises for the purpose of manufacturing or
distributing a controlled substance, two levels are added pursuant
to U.S.S.G. § 2D1.1(b)(12).  The defendant takes the position that
this enhancement does not apply.

d)   It is the Government's view that the adjusted offense level for Count
One is 34.  The defendant's view is that the adjusted offense level
for Count One is 32.

Count Four

> e)   The Guidelines range for Count Four is the mandatory 60-month sentence, as required by statute.  U.S.S.G. § 2K2.4(b).

Count Five

> f)   Pursuant to U.S.S.G. § 2K2.1(a)(2), because the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, the base offense level is 24.

> g)   Because the defendant possessed 4 firearms, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), two levels are added.

> h)   The adjusted offense level for Count Five is 26.

Combined offense level

> i)   Counts One and Five each constitute a separate group.  U.S.S.G. §§ 3D1.1.

> j)   Pursuant to U.S.S.G. § 3D1.4, Count One is assigned one unit.  Count Five is assigned ½ unit.  Accordingly, one level is added to the offense level of the Group with the highest offense level.  It is the Government's view that the total adjusted level, therefore, is 35.  The defendant's view is that the total adjusted offense level if 33.

> k)   The defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and a further one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b). It is the Government's view that the resulting total offense level is 32.  The defendant's view is that the resulting total offense level is 30.

> l)   The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe the defendant is in criminal history category VI.

> m)  The career offender/criminal livelihood/armed career criminal adjustments do not apply.[2]

---

[2] It is the parties' position that the career offender Guidelines do not apply, given the offenses of conviction.  See United States v. Martinez-Cruz, 836 F.3d 1305, 1308-14 (10th Cir. 2016).  The parties acknowledge, however, that two of the defendant's prior convictions would otherwise qualify him for the career offender Guidelines.

n) The advisory Guideline range resulting from the Government's calculations is 210-262 months plus 60 months for a total Guidelines range of 270-322 months.  The advisory Guidelines range resulting from the defendant's calculations is 168-210 months plus 60 months for a total Guidelines range of 228-270 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 181 months (bottom of Category I) to 322 months (top of Category VI).  The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

o) Pursuant to U.S.S.G. § 5E1.2, assuming an estimated offense level of 32, the fine range for this offense would be $35,000 to $1,000,000 plus applicable interest and penalties.  At offense level 30, the fine range would be $30,000 to $1,000,000.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory Guidelines (in length or form), within the advisory Guideline range, or above the advisory Guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 7/22/22

ERIC MORTENSEN
Defendant

Date: 7/22/22

Richard Banta
Attorney for Defendant

Date: 7/22/22

Andrea Surratt
Assistant U.S. Attorney

# ATTACHMENT A

| i | Asset (USPIS), |
|---|---|
| a. | $7,114.00 United States currency; |
| b. | Approximately $53,751.28 from BMO Harris Bank Acct #4829103523 in the name of Eric Mortensen; |
| c. | Approximately $49,157.92 from TruStone Financial Acct Checking #2 Member #373346 in the name of Eric Mortensen; |
| d. | 1.0000 Bitcoin (BTC); |
| e. | 4.05735328 Bitcoin (BTC); |
| f. | Funds in Venmo Account #29869243 in the name of Eric Mortensen; |
| g. | 0.00838345 Ethereum (ETH); |
| h. | 0.00030101 Chainlink (LINK); |
| i. | 0.98828 Stellar (XLM); |
| j. | 0.006799 USC Coin (USDC); |
| k. | 1.119154 Tezos (XTZ); |
| l. | 0.11392 Cosmos (ATOM); |
| m. | 0.09285289 Kyber (KNC); |
| n. | 0.041388 Algorand (ALGO); |
| o. | 0.00000531 0x (ZRX); |
| p. | 0.0696 EOS; |
| q. | 0.00014666 Compound (COMP); |
| r. | 0.00731306 Band Protocol (BAND); |
| s. | 0.07652384 OMG Network (OMG); |
| t. | 0.00976552 Celo (CGLD); |
| u. | Zales Men's Ring; |
| v. | Zales Women's Ring; |
| w. | Samsung Galaxy S10+ SM-G975U Cell Phone; IMEI 354667100141454; |
| x. | Apple iPhone 12; SN F17DKEBL0DXQ; |
| y. | Acer Chromebook Model N16Q10; SN NXGL4AA008751167E47600; |
| z. | Amazon Fire Tablet Model SL056ZE; |
| aa. | HP Envy x360 Laptop Model 15m-ee0013dx; SN: CND0457DWX; |
| bb. | USB Flash Drive; |

| | Asset (ATF) |
|---|---|
| cc. | Merak Savunma Sanayi, LTD 301 Shotgun CAL:12 SN:20PA12Z-5225; |
| dd. | Kimber Micro 9 Rapide Pistol CAL:9 SN:PB0354671; |
| ee. | 6 Rounds CBC- Brazilian Cartridge Company Ammunition CAL:9; |
| ff. | Walther CCP Pistol CAL:9 SN:WK101181; |
| gg. | 16 Rounds CBC-Brazilian Cartridge Company Ammunition CAL:9; |
| hh. | Ruger PC Charger Pistol CAL:9 SN:913-17551; |
| ii. | 728 Rounds Assorted Ammunition CAL:9; |
| jj. | 50 Rounds Assorted Ammunition CAL:12; |