IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00115-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     ERIC MORTENSEN, a/k/a "Jacob Bradford,"

      Defendant.

_____

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
_____

COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, pursuant to the provisions of 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), and moves this Court to enter a Preliminary Order of Forfeiture.

1.     On April 7, 2021, the grand jury charged defendant Eric Mortensen by Indictment in Count One with a violation of 21 U.S.C. § 846, in Count Four with a violation of 18 U.S.C. § 924(c)(1)(A)(i), and in Count Five in violation of 18 U.S.C. § 922(g)(1). (Doc. 23 at 1-3).

2.     The United States also sought forfeiture from defendant Eric Mortensen pursuant to 21 U.S.C. § 853 of any property involved in the commission of the offenses in Counts One and Two or proceeds traceable to those crimes. (Doc. 23 at 3). Additionally, the United States sought forfeiture from the defendant pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) of any firearms and ammunition involved in the commission of the offenses in Counts Four and Five. (Doc. 23 at 4).

1

3.      On June 10, 2021, the United States filed its First Bill of Particulars informing the Court of its intent to forfeit the defendant's interest in 2017 Black BMW 540 Sedan, VIN: WBAJE7C30HG888835[1].

4.      In March 2021, federal seizure warrants were executed at several locations including BMO Harris Bank, Firefly Credit Union, Coinbase, and defendant Eric Mortensen's residence.   Agent seized $7,114.00 United States currency, the subject electronic equipment, and the subject firearms from defendant Mortensen's residence at 6343 Girard Place, Unit 326, Denver, CO 80222.   Agents also seized the subject cryptocurrency from defendant Mortensen's Coinbase Account, approximately $53,751.28 from BMO Harris Bank Acct #4829103523, and approximately $49,157.92 from TruStone Financial Acct Checking #2 Member #373346.

5.      On July 12, 2021, the United States filed its Second Bill of Particulars informing the Court of additional assets the United States seeks to forfeit:

   a.  $7,114.00 United States currency;

   b.  Approximately $53,751.28 from BMO Harris Bank Acct #4829103523 in the name of Eric Mortensen;

   c.  Approximately $49,157.92 from TruStone Financial Acct Checking #2 Member #373346 in the name of Eric Mortensen;

   d.  1.0000 Bitcoin (BTC);

   e.  4.05735328 Bitcoin (BTC);

   f.  Funds in Venmo Account #29869243 in the name of Eric Mortensen;

---

[1] In the Plea Agreement, the United States agreed to return the 2017 Black BMW 540 Sedan VIN: WBAJE7C30HG888835 to Eric Mortensen and co-defendant Melissa Charran. (Doc. 78 at 5).  Therefore, the United States will not seek forfeiture of the 2017 Black BMW.

g.  0.00838345 Ethereum (ETH);

h.  0.00030101 Chainlink (LINK);

i.  0.98828 Stellar (XLM);

j.  0.006799 USC Coin (USDC);

k.  1.119154 Tezos (XTZ);

l.  0.11392 Cosmos (ATOM);

m.  0.09285289 Kyber (KNC);

n.  0.041388 Algorand (ALGO);

o.  0.00000531 0x (ZRX);

p.  0.0696 EOS;

q.  0.00014666 Compound (COMP);

r.  0.00731306 Band Protocol (BAND);

s.  0.07652384 OMG Network (OMG);

t.  0.00976552 Celo (CGLD);

u.  Samsung Galaxy S10+ SM-G975U Cell Phone; IMEI 354667100141454;

v.  Apple iPhone 12; SN F17DKEBL0DXQ;

w.  Acer Chromebook Model N16Q10; SN NXGL4AA008751167E47600;

x.  Amazon Fire Tablet Model SL056ZE;

y.  HP Envy x360 Laptop Model 15m-ee0013dx; SN: CND0457DWX;

z.  Zales Men's Ring;

aa. Zales Women's Ring[2];

bb. USB Flash Drive;

---

[2] On August 3, 2022, the United States declined the forfeiture of the Zales Men's Ring and the Zales Women's Ring, which were returned to Mortensen and Charran.

    cc. Merak Savunma Sanayi, LTD 301 Shotgun CAL:12 SN:20PA12Z-5225;

    dd. Kimber Micro 9 Rapide Pistol CAL:9 SN:PB0354671;

    ee. 6 Rounds CBC- Brazilian Cartridge Company Ammunition CAL:9;

    ff.   Walther CCP Pistol CAL:9 SN:WK101181;

    gg. 16 Rounds CBC-Brazilian Cartridge Company Ammunition CAL:9;

    hh. Ruger PC Charger Pistol CAL:9 SN:913-17551;

    ii.   728 Rounds Assorted Ammunition CAL:9;

    jj.   50 Rounds Assorted Ammunition CAL:12;

6.    On July 22, 2022, the United States and defendant Eric Mortensen entered into a Plea Agreement.  (Doc. 78).  The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Counts One, Four, and Five, charging violations of 21 U.S.C. § 846, 18 U.S.C. § 924(c)(1)(A)(i), and 18 U.S.C. § 922(g)(1), respectively.  The defendant also agreed to the forfeiture of the below-listed assets, which were identified in Attachment A to his plea agreement.  The defendant also agreed to facts that establish a nexus between the criminal violations and the below-listed assets that the United States seeks to forfeit. (Doc. 78 at 1, 4-5, 7-8).

7.    Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

8.    It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P.

32.2(b)(2)(B).

9.      Title 21, United States Code, Section 853 provides for the criminal forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly," as a result of an offense under 21 U.S.C. § 801, *et. seq*.

10.     Title 18, United States Code, Section 924(d) provides for the civil forfeiture of any firearm or ammunition involved in any knowing violation of 18 U.S.C. § 922(g). Title 28, United States Code, Section 2461(c) provides for the criminal forfeiture of any property that can be civilly forfeited.

11.     As set forth in the Plea Agreement, the defendant and United States agree the from approximately August 2020 through March 2021, defendant Eric Mortensen and co-defendant Melissa Charran worked out of their shared apartment in Denver, Colorado to distribute marijuana and THC.  (Doc. 78 at 7).  During the course of the conspiracy, the defendant admits that he and Charran distributed or possessed with the intent to distribute approximately 7.38 kilograms of THC and approximately 18.73 kilograms of marijuana. (Doc. 78 at 8).  Both Mortensen and Charran worked to earn a profit from the drug sales and received payment via electronic payment application and cash received in the mail. (Doc. 78 at 7-8).   The defendant is a previously convicted person prohibited from possessing firearms. The defendant admitted that he possessed the following firearms that the United States seeks to forfeit (1) Merak Savunma Sanayi, LTD 301 Shotgun CAL:12 SN:20PA12Z-5225, (2) Kimber Micro 9 Rapide Pistol CAL:9 SN:PB0354671, (3) Walther CCP Pistol CAL:9 SN:WK101181, and (4) Ruger PC Charger Pistol CAL:9 SN:913-17551.  (Doc. 78 at 8).

12.     Accordingly, the defendant's interest in the below assets is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, as property constituting or

5

traceable to the sale of drug proceeds:

a.  $7,114.00 United States currency;

b.  Approximately $53,751.28 from BMO Harris Bank Acct #4829103523 in the name of Eric Mortensen;

c.  Approximately $49,157.92 from TruStone Financial Acct Checking #2 Member #373346 in the name of Eric Mortensen;

d.  1.0000 Bitcoin (BTC);

e.  4.05735328 Bitcoin (BTC);

f.  Funds in Venmo Account #29869243 in the name of Eric Mortensen;

g.  0.00838345 Ethereum (ETH);

h.  0.00030101 Chainlink (LINK);

i.  0.98828 Stellar (XLM);

j.  0.006799 USC Coin (USDC);

k.  1.119154 Tezos (XTZ);

l.  0.11392 Cosmos (ATOM);

m.  0.09285289 Kyber (KNC);

n.  0.041388 Algorand (ALGO);

o.  0.00000531 0x (ZRX);

p.  0.0696 EOS;

q.  0.00014666 Compound (COMP);

r.  0.00731306 Band Protocol (BAND);

s.  0.07652384 OMG Network (OMG);

t.  0.00976552 Celo (CGLD);

u.  Samsung Galaxy S10+ SM-G975U Cell Phone; IMEI 354667100141454;

    v.    Apple iPhone 12; SN F17DKEBL0DXQ;

    w.   Acer Chromebook Model N16Q10; SN NXGL4AA008751167E47600;

    x.   Amazon Fire Tablet Model SL056ZE;

    y.   HP Envy x360 Laptop Model 15m-ee0013dx; SN: CND0457DWX; and

    z.   USB Flash Drive.

13.    In addition, the defendant's interest in the below assets is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c):

    aa. Merak Savunma Sanayi, LTD 301 Shotgun CAL:12 SN:20PA12Z-5225;

    bb. Kimber Micro 9 Rapide Pistol CAL:9 SN:PB0354671;

    cc. 6 Rounds CBC- Brazilian Cartridge Company Ammunition CAL:9;

    dd. Walther CCP Pistol CAL:9 SN:WK101181;

    ee. 16 Rounds CBC-Brazilian Cartridge Company Ammunition CAL:9;

    ff.  Ruger PC Charger Pistol CAL:9 SN:913-17551;

    gg. 728 Rounds Assorted Ammunition CAL:9; and

    hh. 50 Rounds Assorted Ammunition CAL:12.

14.    A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 3rd day of November 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:     s/ *Tonya S. Andrews*
        Tonya S. Andrews
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: tonya.andrews@usdoj.gov
        *Attorney for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s*/Jody Gladura*
FSA Federal Paralegal
Office of the U.S. Attorney